990 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry SIMON; Donna Simon; Herman Amaral; Rose Amaral;
Roy Banogli; Robert Kittle; Linda Kittle; et
al., Plaintiffs-Appellants,
United States of America, Intervenor,
v.
Neil A. ORSI; Gene Koon; E. Leo Bullock; Provident Mutual
Life Securities Co., Defendants-Appellees.
 No. 92-16193.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 10, 1993.
Decided April 7, 1993.
 
 Before GOODWIN, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Neil Orsi ("Orsi"), an NASD-registered representative of Provident Mutual Life Securities Company ("PML"), sold tax-shelter investments to appellants on the basis of allegedly false and fraudulent representations. The district court denied appellants' motion to reinstate their Rule 10b-5 action against PML pursuant to section 27A of the Securities Exchange Act of 1934. The court held that section 27A, a special provision relating to the statute of limitations on private causes of actions, was unconstitutional. We reverse.
 
 
 3
 In a published opinion, we held that section 27A is constitutional. Gray v. First Winthrop Corp., No. 91-16907, slip op. (9th Cir. April 7, 1993). PML argues that there are two alternative grounds for upholding summary judgment in its favor. See In re Apple Computer Securities Litigation, 886 F.2d 1109, 1112 (9th Cir.1989), cert. denied, 496 U.S. 943 (1990). First, it contends that appellants failed to move for reinstatement as provided by section 27A. Second, PML maintains that summary judgment is appropriate given appellants' failure to rebut evidence that Orsi was acting outside of PML's statutory control.
 
 Sufficiency of Motion for Reinstatement
 
 4
 PML attacks the sufficiency of appellants' motion for reinstatement on two grounds. First, the motion was not properly filed before the deadline for reinstatement had passed. Second, the motion failed to state that appellants' claim had been timely filed under the laws of the jurisdiction prior to Lampf. We reject both of these claims.
 
 
 5
 A. Timeliness of motion.
 
 
 6
 Congress enacted section 27A while appellants' case was pending before the this court. Appellants filed a motion to remand the case to the district court and PML indicated that it would not oppose this motion. Appellants then filed their motion for reinstatement with the district court prior to the sixty-day deadline of section 27A; however, we did not file an order remanding the case to the district court until four days after the deadline had passed. The question before this court is the significance of our failure to remand prior to the sixty-day deadline.
 
 
 7
 PML argues that the district court was without jurisdiction to entertain the motion because jurisdiction still remained in the circuit court, and therefore the motion was not properly filed under section 27A. PML draws this conclusion based upon caselaw dealing with Federal Rule of Civil Procedure 60(b), which provides for a new trial on the ground of newly discovered evidence. See, e.g., In re Visioneering Constr., 661 F.2d 119, 124 n. 6 (9th Cir.1981) ("Once a notice of appeal is filed jurisdiction is vested in the Court of Appeals, and the trial court thereafter has no power to modify its judgment in the case or proceed further except by leave of the Court of Appeals.").
 
 
 8
 However, a closer examination of our treatment of Rule 60(b) motions yields a contrary conclusion. In Canadian Ingersoll-Rand Co. v. Peterson Products of San Mateo, Inc., 350 F.2d 18 (9th Cir.1965), one of the parties had appealed to this court, and, while the case was pending, the party moved in district court for an order indicating whether it would be willing to consider a Rule 60(b) motion. Id. at 26. If the district court indicated its willingness to consider the Rule 60(b) motion, the litigant would have a basis for asking the circuit court to remand to the district court. The district court declined to entertain the motion and there was no remand by the circuit court. id. at 27.
 
 
 9
 We noted that the district court was without jurisdiction to grant or deny the Rule 60(b) motion: "no such order could have been entered prior to a remand, since the district court would have been without jurisdiction to do so." Id. However, we held that the Rule 60(b) "motion was timely filed and if appellants find any virtue in pursuing it ... they are free to do so following the final disposition of this appeal." Id. at 28.
 
 
 10
 In other words, although the district court did not have jurisdiction to consider the merits of the Rule 60(b) motion prior to remand by the circuit court, the filing of the motion with the district court was sufficient to meet the requirement of a timely filing.
 
 
 11
 Similarly, in the present case, it is undisputed that the district court lacked jurisdiction to act upon appellants' motion for reinstatement until we remanded the case. The district court complied with this jurisdictional requirement, not acting on the motion until after the order of remand was filed. By the same token, appellants' motion for reinstatement was timely filed since it was filed prior to the sixty-day deadline. As with a Rule 60(b) motion, the fact that the district court could not act upon the motion until a later date is irrelevant to a determination of timeliness.
 
 
 12
 B. Substance of motion.
 
 
 13
 PML also contends that, under section 27A, reinstatement is appropriate only if the motion included a showing that appellants' claim would have been timely filed under the laws of the jurisdiction prior to the Supreme Court's decision in Lampf.
 
 
 14
 PML's contention finds no support in section 27A. The statute does not impose an affirmative burden of proof on appellants to demonstrate in the motion for reinstatement that their action was not subject to dismissal under pre-Lampf law. In addition, PML cites no caselaw that would support this court's imposing such a duty on appellants.[1]
 
 Controlling Person Liability
 
 15
 Appellants' action against PML was based on a theory of controlling person liability. 15 U.S.C. § 78t(a). PML argues that summary judgment should be affirmed on the alternative ground that, under Hollinger v. Titan Capital Corp., 914 F.2d 1564 (9th Cir.1990) (en banc), cert. denied, 111 S.Ct. 1621 (1991), it is not liable as a controlling person.
 
 
 16
 In Hollinger, we held that "a broker-dealer is a controlling person under § 20(a) with respect to its registered representatives." 914 F.2d at 1574. To establish a controlling person relationship, appellants need only show that Orsi "was not himself a registered broker-dealer but was a representative employed or associated with a registered broker-dealer." Id. The district court found that "at least for the period of time in which Mr. Orsi was a registered representative of PML, PML was a controlling person."
 
 
 17
 We stressed that "[t]he mere fact that a controlling person relationship exists does not mean that vicarious liability necessarily follows." Id. at 1575. In addition to stating the availability of a good faith defense, the court noted:
 
 
 18
 The broker-dealer may also, of course, rely on a contention that the representative was acting outside of the broker-dealer's statutory "control." For example, Titan could argue that when appellants entrusted their money to Wilkowski they were not reasonably relying upon him as a registered representative of Titan, but were placing the money with Wilkowski for purposes other than investment in markets to which Wilkowski had access only by reason of his relationship with broker-dealer Titan.
 
 
 19
 Id. at 1575 n. 26.
 
 
 20
 PML contends that Orsi, was acting outside of its statutory control as a broker-dealer when he sold the tax-shelter investments to appellants. It argues that (1) appellants did not rely on Orsi as a registered representative of PML, and (2) their investments were unrelated to markets to which Orsi had access by virtue of his registration with PML. PML maintains that, under Celotex v. Catrett, 477 U.S. 317 (1986), its presentation of the above facts in its motion for summary judgment shifted the burden of persuasion to appellants and that summary judgment was proper given appellants' failure to discharge this burden.
 
 
 21
 However, the Hollinger court recognized, in its discussion of statutory control, that "a person cannot lawfully engage in the securities business unless he or she is either registered with the NASD as a broker-dealer or as a person associated with a broker-dealer." 914 F.2d at 1573; see 15 U.S.C. § 78o(a)(1). PML concedes that the district court did not determine whether the tax-shelter investments at issue in this case should be characterized as "securities." Thus, there is a material issue of fact whether Orsi was engaging in the sale of securities and was therefore acting within PML's statutory control.[2]
 
 
 22
 The judgment of the district court is REVERSED and the case REMANDED for further proceedings.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 This court reaches only the question whether appellants' motion for reinstatement met the procedural requirements of section 27A. It does not involve a consideration of the merits of the motion. Although, in a prior proceeding, the district court considered and rejected PML's contention that appellants' action was time-barred under pre-Lampf law, it is free to revisit this issue
 
 
 [2]
 In addition, PML's contention that "appellants have never asserted that they relied in any way on PML in making their investments," is belied by the record. See, e.g., Plaintiffs' Response to Defendant PML's Separate Statement of Material Facts Not In Dispute, S.E.R. at 1446; Declaration of Donna Simon, S.E.R. at 1587